JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief, supplement thereto, and appendix filed by appellant. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the district court’s order filed February 12, 2009, be affirmed. It was appropriate for the district court to dismiss for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1), to the extent appellant alleged a due process right to an investigation conducted by a federal inspector general. See Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (“A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.”); cf. SEC v. Jerry T. O’Brien, Inc., 467 U.S. 735, 742, 104 S.Ct. 2720, 81 L.Ed.2d 615 (1984) (due process rights are “not implicated ... because an administrative investigation adjudicates no legal rights”) And while appellant also alleged negligence by prison officials for failing to protect him from inmate attack, even assuming that might constitute a Bivens action, but see Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (negligent acts of officials that result in unintended injury to property do not amount to due process violations), dismissal was nonetheless appropriate because appellant did not exhaust his administrative remedies. See Munsell v. Department of Agriculture, 509 F.3d 572, 591 (D.C.Cir.2007), citing Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (under PLRA, “federal prisoners suing under [Bivens] must first exhaust inmate grievance procedures”).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.